Per Curiam.

The single question is, What interest Elizabeth Clements, the grand daughter, took in the principal of one fourth of the public debt? It was rightly argued by the appellant’s counsel that there is no difference between a bequest of a personal thing, and a bequest of the use of it with power to dispose of the subject at will; and conse *307 quently that, in the present case, the power given to the grand daughter, to whom the interest of one fourth of the certificates was devised, to dispose of the principal to her heirs general, invested her with the whole property in that fourth; and enabled her to transmit it to her representatives, agreeable to the opinion of this court in the case of Shermer v. Richardson, 1 Wash. 266. But, in answer to this, it was said by the counsel for the appellee, that the intention was to give a naked power distinct from the property; and that the word “ heirs" should be construed “children," or “ heirs of the body," as the testator meant only to provide for the grand children themselves and their posterity, and not to enable them to bestow the subject upon strangers. If, however, that was the intention, the testator has not expressed it; for there is nothing in the will to shew that he meant the legal sense should be departed from; ano, as he has used technical words without any qualification, the court must take them in the sense which the law imposes, and that comprehends heirs of every description. But admit the appellee’s counsel was right in bis interpretation, it would avail him nothing. For, if the word “heirs" were taken to mean children, his construction would be at variance with itself; because it supposes the testator intended to benefit all the posterity of his grand children ; which, according to that construction, could not, in some events, have happened : for the distant progeny, to whom an appointment would have been void, as not conformable to the power, would have been defeated, if the children of the grand daughter had died in her lifetime: and, if it be taken to mean “ heirs of the body," the distinction between that and heirs general is unimportant in a case of this kind; for, in a devise of a personal thing, it makes no difference whether it be to one and his heirs, or to him and the heirs of his body; because in both cases the absolute property is given. Then if a devise to one for life, with power to dispose to his heirs general, gives the absolute property, a like devise to him with power to dispose to “ the heirs of his body," would *308 have the same effect. It was contended, however, that this differs from that of Shermer v. Richardson; because, in that, the estate was given, after the death of the wife, to whomsoever she might think proper to make her “ heir or heirs;” which, it was said, enabled her to select an heir from all the world ; whereas, in this, she could only dispose to her heirs by descent or representation. But there is, in fact, no difference between the cases; for a power to tenant for life to make heirs, is the same as a power to dispose to his heirs: In both, the meaning is, the heirs whom he shall appoint, or the law create. The opinion of the county court then was right as to the interpretation of the will; but, as the answer insisted upon a bond to refund in case debts should thereafter be made known, it should have been directed. The decree of the high court of chancery is therefore to be reversed, and that of the county court affirmed, with a provision for the bond.